

James A. Keller
Phone: (215) 972-1964
Fax: (215) 972-4152
James.Keller@saul.com
www.saul.com

April 2, 2024

**VIA ELECTRONIC FILING**
The Honorable Wendy Beetlestone
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106-1797

Re: *De Piero v. Pennsylvania State University, et al.*, **Case No. 2:23-cv-02281**

Dear Judge Beetlestone,

This office represents the Defendants Pennsylvania State University (the "University"), Damian Fernandez, Margo DelliCarpini, Liliana Naydan, Carmen Borges, Alina Wong, Lisa Marranzini, Friederike Baer, and Aneesah Smith (collectively "Defendants") in the above-captioned lawsuit.  Pursuant to Your Honor's Policies and Procedures, we write with regard to a discovery dispute that has materialized between Defendants and Plaintiff Zack De Piero.  The discovery dispute centers on Plaintiff's failure to produce any of his medical records and his refusal to execute a HIPAA waiver so that Defendants may subpoena his medical records and depose his treating medical provider, despite Plaintiff's allegations that he suffered emotional and mental harm in this lawsuit.  The dispute also involves Plaintiff's failure to produce relevant income and tax information, despite Plaintiff's allegations regarding financial harm resulting from Defendants' alleged conduct and his resignation from the University.  While Defendants remain hopeful that the parties will be able to resolve the above discovery matters absent a formal motion, Defendants have no choice but to submit the issue to the Court in light of the present discovery deadline of today, April 2, 2024,[1] and the fact that Plaintiff has still not produced the requested discovery. Defendants therefore respectfully request that the Court schedule a telephone conference to resolve the discovery dispute pursuant to Your Honor's Policies and Procedures.

---

[1] On January 23, 2024, the Court issued an Amended Scheduling Order providing that all "fact discovery shall be completed by April 2, 2024." (Dkt. 34). On March 5, 2024, the parties submitted a Joint Stipulation for Extension of Time for Discovery.  At the Court's request, the parties resubmitted the Joint Stipulation on March 26, 2024.  The Court denied the Joint Stipulation on March 26, 2024.

Centre Square West ♦ 1500 Market Street, 38th Floor ♦ Philadelphia, PA 19102-2186
Phone: (215) 972-7777 ♦ Fax: (215) 972-7725

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

As the Court is aware, this is an action brought by Plaintiff, a white, male, former Assistant Teaching Professor of English and Composition at the Abington campus of the University, alleging racial discrimination and retaliation against Defendants. In his Amended Complaint (Dkt. 4), Plaintiff alleges that Defendants have caused him direct and indirect damages including financial, emotional, and reputational harm. Plaintiff also alleges in his Rule 26(a) initial disclosures that he has "suffered damages in the form of lost wages." Notably, Plaintiff's own discovery answers confirm that he is making more money at his new job than he did at the University since he resigned from the University. Defendants are entitled to discovery regarding Plaintiff's alleged emotional and economic damages.

On December 8, 2023, Defendants served Plaintiff with written discovery requests including Defendants' First Set of Interrogatories and Defendants' First Set of Requests for Production to Plaintiff. In an effort to acquire discovery regarding any purported noneconomic damages, such as emotional distress, alleged by Plaintiff, Defendants requested that Plaintiff identify:

> [A]ny and all psychological, emotional, or mental illnesses, afflictions, disorders, or conditions with which you have been diagnosed by a psychiatrist, psychologist, therapist, counselor, mental health provider, or other medical professional from 2008 to the present, along with the dates that those diagnoses were first made, and the name(s) and contact information of the treating or evaluating medical provider(s) who issued the diagnoses.

(Interrogatory No. 17). Defendants also requested that Plaintiff:

> [P]rovide all documents that you contend support your claim for such damages, including all medical, psychiatric, and psychological records related to treatments, prognosis, diagnosis, and physical or mental histories made or maintained by health care professionals concerning any emotional distress you claim to have suffered as a result of the Defendants' alleged conduct.

(Doc. Req. 16). Additionally, Defendants requested that Plaintiff complete, execute, and return a copy of the HIPAA authorization form that Defendants attached as "Exhibit A" to their Document Requests. (Doc. Req. 17).

Plaintiff responded to Defendants' written discovery requests on February 25, 2024. In response to Defendants' request that Plaintiff identify any mental health diagnoses and the treating or evaluating providers, Plaintiff advised that he "was diagnosed with depression in February 2024 by Dr. Elliot Schnur of Doylestown Health Primary Care." (Pl.'s Ans. to Interrogatory No. 17). However, Plaintiff refused to produce any of his medical records. Rather, in response to Defendants' requests for Plaintiff's medical records supporting any alleged noneconomic damages, Plaintiff objected as follows:

> Plaintiff objects that this Request calls for documents that are irrelevant and beyond the scope of discovery. Plaintiff objects that

>this Request calls for information protected by the attorney-client privilege, attorney work-product privilege, or other applicable privilege. Plaintiff objects that this request for information is unduly burdensome and that the burden of producing the information requested is disproportional to the relevance of the information, excessively costly, and time-consuming given the nature of the case. Plaintiff objects that this Request calls for premature expert discovery or information that is protected by the consulting expert privilege and not subject to disclosure. Plaintiff's medical information is also protected by the patient-therapist privilege and other applicable privileges.

(Pl.'s Ans. to Doc. Req. 16). Plaintiff's objections are frivolous. Defendants are entitled to Plaintiff's medical and mental health records regarding his alleged emotional damages.

Moreover, in addition to refusing to produce this discovery himself, Plaintiff has attempted to entirely bar Defendants from seeking critical discovery regarding his alleged emotional damages directly from Plaintiff's treating provider. Specifically, Plaintiff expressly refuses to execute a HIPAA authorization form. As in any case involving medical records discovery, Defendants require a HIPAA authorization to subpoena Plaintiff's medical records from his medical provider. In response to Defendants' request that Plaintiff complete and execute a HIPAA authorization form, Plaintiff objected on the basis that "he is not required to create new documents in response to requests for documents." Plaintiff's objection lacks merit and is nothing more than improper gamesmanship.

Additionally, in an effort to discern Plaintiff's purported economic damages, Defendants propounded various requests seeking all documents supporting Plaintiff's purported "economic damages" as well as documents concerning any income or other compensation received by Plaintiff, as well as all "federal income tax forms filed by [Plaintiff] since January 1, 2020, including W-2 forms and any schedules appended to said forms." (Doc. Reqs. 14, 15, 19, and 20). On March 4, 2024, Plaintiff's counsel advised via e-mail to defense counsel that Plaintiff would be supplementing his production, including "Zack's W-2 forms and pay records," but Plaintiff has yet to produce the requested discovery, let alone supplement his production.

On March 27, 2024, defense counsel reached out to Plaintiff's counsel to again request that Plaintiff "please execute the HIPAA form we sent," and provided Plaintiff's counsel with another copy of the HIPAA authorization form that Defendants had previously attached as Exhibit A to their December 8, 2024 Document Requests. Defendants advised Plaintiff that they "are entitled to get records from his medical provider given his damage claims, but are confident that provider is going to require a HIPAA-compliant authorization. If Dr. De Piero will for some reason not do so, we will need to file a motion to compel (unless he is stipulating that he is not seeking any emotional distress, mental distress, or other psychological/physical damages)." Having not heard back from Plaintiff, defense counsel followed up with Plaintiff's counsel on April 2, 2024 regarding the HIPAA waiver as well as Plaintiff's medical records and asked if Plaintiff would be producing that discovery. Defense counsel also inquired whether Plaintiff would be supplementing his production regarding his W-2s, pay records, and income taxes. Defense counsel advised Plaintiff's counsel that, while Defendants remain hopeful that the above discovery issues

3

can be resolved between the parties, in light of the formal discovery deadline of April 2, 2024, Defendants would be forced to submit the issues to the Court to preserve their rights and their ability to move to compel, if Plaintiff would not immediately produce the requested discovery. Defendants have not received a response from Plaintiff's counsel as of the time of this filing.

In light of the foregoing, Defendants respectfully seek the Court's assistance in resolving the above discovery disputes and request that a teleconference be scheduled with the Court. In the event the disputes cannot be resolved following a telephone conference with the Court, Defendants respectfully seek permission to move to compel the requested discovery. Thank you very much for your attention to this matter.

Respectfully submitted,

James A. Keller