IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACK K. DE PIERO,<br>               Plaintiff,<br>v.<br>PENNSYLVANIA STATE UNIVERSITY and DAMIAN FERNANDEZ, MARGO DELLICARPINI, LILIANA NAYDAN, CARMEN BORGES, ALINA WONG, LISA MARRANZINI, FRIEDERIKE BAER, and ANEESAH SMITH, in their official and individual capacities,<br><br>               Defendants. | CIVIL ACTION NO:<br><br>No. 2:23-cv-02281 |

**STIPULATED PROTECTIVE ORDER AND
CONFIDENTIALITY AGREEMENT**

According to this Court's chambers Policies and Procedures (effective January 2023), § III.D, the parties state that this stipulated protective order and confidentiality agreement is for good cause.  Defendant Pennsylvania State University is subject to Family Education Rights and Privacy Act 20 U.S.C. § 1232(g) ("FERPA"), which requires that the educational records of its students be kept confidential subject to the exemption (among others) that materials may be disclosed by court order.  Certain materials that have been identified as relevant to discovery in this case are also covered by FERPA.  To comply with the statute and also to enable the parties to meet their obligations of discovery, the parties submit this Stipulated Protective Order and Confidentiality Agreement.

This Stipulated Protective Order and Confidentiality Agreement ("Agreement"), is made by and between Plaintiff Zack K. De Piero ("Plaintiff") and Defendants The Pennsylvania State University, Damian Fernandez, Margo DelliCarpini, Liliana Naydan, Carmen Borges, Alina Wong, Lisa Marranzini, Friederike Baer, and Aneesah Smith (collectively, "Defendants")

(together, Plaintiff and Defendants are referred to as the "Parties" or, in the singular, as "Party"), through their undersigned counsel, as follows:

1. All Protected Material produced by and among the Parties and any non-parties in the above-captioned action shall be subject to the terms and provisions set forth herein.

2. The following terms, as used herein, shall, without limiting the generality of the meaning of said terms, be construed as follows:

> a. "Documents" shall mean all originals, copies, and non-identical copies (including excerpts, summaries, or compilations), however produced or reproduced, of any printed, typed, handwritten, graphic, electronic, or otherwise recorded matter of whatever character.
>
> b. "Confidential Information" means Documents, information, or tangible things designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" that are: reasonably and in good faith considered by a producing Party (or a non-party producing documents or information) to constitute or contain information that may be protected from dissemination under the Family Education Rights and Privacy Act 20 U.S.C. § 1232(g); information required by any other law or agreement to be kept confidential; or private or confidential personal information such as contact information, social security numbers and dates of birth, or other similar kinds of sensitive and/or private information, which may be found within Documents.
>
> c. "Confidential Information" will be designated so as to minimize the information subject to this Protective Order, and so as to maximize the amount of non-protected information.

        d.   "Protected Material" as used herein means "Confidential Information."

    3.    The Parties hereby agree that this Agreement protects those Protected Materials labeled by the producing Party by stamping, writing, or affixing to the document the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." If Documents are produced on a disc or other media that contain Protected Materials as defined within this Agreement, the producing Party shall stamp, write, or affix the label "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to the disc or other media, as well as stamp, write, or affix the label "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to each page of each confidential document contained on the disc or other media. Stamping, writing, or affixing the label "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on such disc or other media shall have the effect of designating the entire contents thereof as Protected Material, unless otherwise noted. A party may designate a document as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" before producing the specified documents.

    4.    Protected Material used or described during an oral deposition may be so designated by a statement made on the record during the course of the deposition or as otherwise expressly provided below.

    5.    Any Protected Material produced in this action shall be used solely for the purpose of litigating the above-captioned matter, including hearings, and any appeals therefrom, and for no other purpose.

    6.    Except as otherwise provided in this Agreement, information designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" may only be disclosed to or examined by the following persons ("Qualified Persons"):

a. Defendants' outside and in-house counsel, counsel's employees, and others who are acting under the direction and control of such counsel and who are necessary to assist such counsel in this action;

b. Plaintiff's attorneys, employees of Plaintiff's attorneys, and others who are acting under Plaintiff's attorneys' direction and control and who are necessary to assist Plaintiff's attorneys in this action;

c. Experts, including support staff, who have been retained in connection with this action by the Parties' counsel, and to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d. Deponents or witnesses to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

e. Vendors retained by or for the Parties to assist in pretrial discovery, trial, and/or hearings, as well as their staff and clerical employees whose duties and responsibilities require access to such materials, and who are subject to obligations of confidentiality;

f. Stenographers or court reporters who prepare records of sworn testimony in this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

g. Judges, mediators, and special masters and their respective clerks and staffs;

h. Other persons that are designated by written agreement between counsel for the Parties or by order of the Court; and

       i. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7. Nothing in this Agreement shall prevent any party from seeking modification of this Agreement, including modification to permit disclosure of specific Documents or information to any particular person, in accordance with the Court's protocols.

8. Protected Material may be used or referred to at depositions or marked as deposition exhibits, in accordance with the provisions of this Agreement. When a party uses or refers to Protected Materials at a deposition, the Document in question or portion of the deposition transcript that relates to such Documents or information shall be stamped "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," as applicable, and shall be treated under the relevant provisions of this Agreement. Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only Qualified Persons are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

9. Any Party, within seven days after receiving a deposition transcript, may designate portions of the transcript, or exhibits thereto, as being "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." Alternatively, a designating Party may specify, at the deposition or up to seven days afterwards that the entire transcript shall be treated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." At a deposition, the Parties will attempt in good faith to preliminarily identify and designate "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" testimony and exhibits without prejudice to their right to so designate other testimony or exhibits or withdraw such designation after receipt of the transcript, but a failure to designate

at the deposition shall not change the prior designation of any document or exhibit. "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" deposition testimony or exhibits may be so designated by stamping the exhibits "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or by underlining the portions of the pages that are confidential and stamping such pages "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." Until expiration of the this seven-day day period, the entire deposition transcript, and all exhibits thereto, will be treated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

10. If any person having possession of any Protected Material receives a subpoena, or other process or order to produce such information, such person shall promptly notify counsel for the designating Party in writing. Such notification shall include a copy of the subpoena or court order. The designating Party shall have the burden of defending against or objecting to such request to the extent it seeks Protected Material. The person receiving such request shall be entitled to comply with it if the designating Party does not seek or unsuccessfully seeks an order modifying or quashing the request for Protected Material.

11. The inadvertent failure to designate information as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" at the time of disclosure may be remedied by supplemental written notice given to the receiving Party's counsel by the producing Party's counsel. Upon receipt of such notification, all information so designated shall be subject to this Agreement as if it had been initially so designated.

12. The receiving Party's receipt of any information, documents, deposition transcripts, or thing designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall not constitute a concession that the information, document, deposition transcript, or thing is "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." Subsequent to the receipt of

information, documents, deposition transcripts, or things designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," a receiving Party may challenge the designating party's claim of confidentiality. If a receiving Party objects to such designation of any or all of such items, the following procedure shall apply:

    a. Documents or information claimed to be "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" that are subject to a dispute under this paragraph 12 shall, until further agreement of the Parties or final, non-appealable order of a court, be treated as designated by the designating Party and in accordance with the provisions of this Agreement.

    b. Counsel for the receiving Party shall serve on counsel for the designating Party or non-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating Party or non-party shall respond in writing to such objection within 15 days and shall state with particularity the grounds for asserting that the document or information is Protected Material. Within 15 days after the conclusion of such 15-day period, counsel shall confer in good faith in an effort to resolve the dispute.

    c. If a dispute as to a confidential designation of a document or item of information cannot be resolved by agreement, the receiving Party shall present the dispute to the Court by filing a motion for an order regarding the challenged designation. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

13. If Documents or information subject to a claim of attorney-client privilege, attorney work product, or any other ground on which production of such information should not be made to any Party nevertheless is inadvertently produced to such a Party, such production shall not prejudice, or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, statutory, or regulatory confidentiality protection, or other ground for withholding production to which the disclosing Party otherwise would be entitled. If a claim of inadvertent production is made with respect to Documents or information then in the custody of another Party, such Party shall, within five business days, return to the claiming Party or person that material as to which the claim of inadvertent production has been made, or destroy or delete the material at the claiming Party's request. If the receiving Party has any notes or other work product reflecting the contents of the material as to which the claim of inadvertent production is made, the receiving Party will not review or use those materials unless the Court later designates such materials as not privileged or protected. The inadvertently produced materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms, and any other location that stores the documents. The Party returning such material may file an application consistent with the Court's protocols for an order compelling the production of the material, but said application shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.

14. If any receiving Party is in receipt of a document from a producing Party which the receiving Party has reason to believe is privileged, the receiving Party shall in good faith take reasonable steps to promptly notify the producing Party of the production of that document so that the producing Party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Agreement.

15. The Parties agree that the disclosure of inadvertently produced materials shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the inadvertently produced materials or its related subject matter in this litigation or in any other court or legal proceeding.

16. If a Party inadvertently discloses Protected Material to anyone who is not a Qualified Person, such disclosure shall be reported in writing to the Party who produced such inadvertently disclosed Protected Material within five business days of knowledge of such inadvertent production. In that event, counsel for the Party who made the inadvertent disclosure shall make all reasonable efforts to retrieve the Protected Material and any documents containing such Protected Material and to obtain the agreement of persons to whom inadvertent disclosure was made to treat the Protected Material in accordance with the terms of this Agreement.

17. This Agreement may be amended by the agreement of counsel for the Parties in the form of a written amendment hereto.

18. Within sixty (60) days after the conclusion of this action by final judgment or negotiated settlement, all documents or other items constituting or containing Protected Material which are in the possession, custody or control of any person other than the producing Party shall either be returned to the producing Party or destroyed, at the election of the producing Party. Counsel shall confirm via letter or email that counsel have complied with the requirements of this paragraph. Counsel may retain copies of all documents that have been filed with the Court, deposition transcripts and exhibits thereto, correspondence (including emails), and counsel's work product materials.

19. By stipulating to the entry of this Agreement, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any

ground not addressed in this Agreement. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Agreement.

20. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The producing Party shall be responsible for identifying any such controlled technical data, and the receiving Party shall take measures necessary to ensure compliance.

21. Without written permission from the designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material but may only file Protected Material under seal. A Party that seeks to file under seal any Protected Material must comply with the protocols and rules in this Court. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a receiving Party's request to file Protected Material under seal is denied by the Court, then the receiving Party may file the Protected Material in the public record pursuant unless otherwise instructed by the Court.

22. The terms of this Agreement constitute an agreement between and among the Parties hereto and shall be effective as to all parties and as to all Protected Material, regardless of when entered and approved by the Court. The Parties understand and acknowledge that the Court, when choosing to enter this Agreement as an Order of Court, has the power to modify the terms hereof at its sole discretion.

23. The court may order disclosure of any subject covered by this stipulation or modify this stipulation at any time in the interest of justice.

STIPULATED AND AGREED as of this the ___ day of June, 2024:

| | |
|---|---|
| **SAUL EWING LLP** | **ALLEN HARRIS PLLC** |
| */s/ James A. Keller* | */s/ Michael Thad Allen* |
| James A. Keller | Michael Thad Allen |
| Matthew J. Smith | PO Box 404 |
| 1500 Market Street | Quaker Hill, CT 06375 |
| 38th Floor | mallen@allenharrislaw.com |
| Philadelphia, PA 19102 | |
| james.keller@saul.com | *Counsel for Plaintiff* |
| matthew.smith@saul.com | |
| *Counsel for Defendants* | |

SO ORDERED:

DATE: 6/10/24

/S/WENDY BEETLESTONE, J.
HON. WENDY BEETLESTONE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print/type full name], of _____ [print/type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Pennsylvania on [date] in the case of *Zack K. De Piero v. Pennsylvania State University, et al.*, Civil Action No. 2:23-cv-02281.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose or use in any manner any information or item that is

11

subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for the purpose of enforcing the terms of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                [printed name]
Signature: _____
                [signature]